# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 19-7118**

**September Term, 2020**

FILED ON: NOVEMBER 4, 2020

CYNTHIA S. HILL,
          APPELLEE

v.

VINCENT C. GRAY, HONORABLE, DISTRICT OF COLUMBIA, ET AL.,
          APPELLEES

FREDERICK COLES, III,
          APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-00001)

---

Before: GARLAND, RAO, and WALKER, *Circuit Judges*.

## JUDGMENT

We heard this appeal on the record from the United States District Court for the District of Columbia and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); D.C. Cir. R. 34(j). The panel fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **AFFIRM** the district court's judgment.

\*      \*      \*

Cynthia Hill taught high-school science for the District of Columbia Public Schools. She sued the school district for age discrimination after it fired her in 2009.

Hill's lawyer for a portion of this lawsuit was Frederick Coles, III. But in 2017, he withdrew from representing Hill. JA 255, 264-65. Hill later settled with the school district for $140,000. *Id.* at 359.

1

Coles wants one-third of Hill's settlement. The district court denied his motion to enforce a lien. *Hill v. Gray*, 2019 WL 4169353, at \*4 (D.D.C. Sept. 3, 2019). Coles appeals that decision. We have jurisdiction. 28 U.S.C. § 1291.

Because Coles forfeited the only argument he raises on appeal, we decline to reach the merits and affirm the district court's judgment.

\*   \*   \*

Under the law-of-the-case doctrine, "the same issue presented a second time in the same case in the same court should lead to the same result." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc) (emphases omitted). On appeal, Coles argues that the district court violated that doctrine when it denied his motion to enforce a lien securing him one-third of his former client Hill's settlement award. He reasons that the district court's decision conflicts with its earlier decision, before the settlement, allowing Coles to withdraw as Hill's attorney.

But Coles forfeited this argument — his only argument — by not raising it with the district court. *See, e.g.*, *Chichakli v. Tillerson*, 882 F.3d 229, 234 (D.C. Cir. 2018). He made no mention of the doctrine in his notice, motion, declaration, memorandum, or reply. JA 274-79, 304-06, 334-39. And none of the cases he cited stand for the proposition of the cases he relies on now. *Compare id.* at 278 & 336, *with* Appellant's Br. at 17.

Coles did argue in the district court that his former client's new lawyer was "ignoring and unilaterally setting aside Your Honor's March 13, 2017 ruling and findings as articulated by Your Honor in open court and on the record." JA 334. And he added, "The Court, on March 13, 2017, found good cause for the undersigned to be relieved as counsel for Plaintiff Hill." *Id.*

But that's as close as he got, and it's not close enough. Nowhere in those two sentences does Coles urge the district court to make a decision based on its previous finding. At most, Coles faults Hill's new lawyer for ignoring that finding. That's not the same as raising a law-of-the-case argument with the district court. *See, e.g.*, *Government of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (cleaned up).

Coles did not explain or even address his forfeiture in his opening brief to this Court. Nor did he do so in his reply brief, even after Hill argued for forfeiture in her response brief. *See* Appellee's Br. at 18-19. That Coles chose to dodge that argument altogether rather than address it head-on suggests he doesn't have an adequate response.

2

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36. We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for rehearing or for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk